## Sbarbaro's Estate

444

*Otto Kraus, Jr.*, and *Howard M. Long*, for exceptant. *Hyman Schwartz*, contra.

KLEIN, J., July 5, 1935.—The exceptions to the adjudication relate to the conclusion of the auditing judge that the income from the sole and separate use trust created by the testator in favor of his married daughter is exempt from attachment by her creditors.

The auditing judge properly held that a married woman, who is the beneficiary of an estate in trust for her sole and separate use, is without power, unless expressly authorized by the instrument creating the trust, either directly by assignment or indirectly by contract, to charge her interest in such estate.

This doctrine, enunciated by Chief Justice Gibson more than a century ago in Lancaster v. Dolan, 1 Rawle 231, 247, is firmly established in Pennsylvania.

The argument of the exceptant that the married women's property acts have changed this feature of separate use trusts might be worthy of more extended consideration if it were not flatly met and denied by the case of MacConnell v. Lindsay, 131 Pa. 476 (1890).

The question has been fully covered by the learned auditing judge in his comprehensive adjudication.

The exceptions are all dismissed and the adjudication confirmed absolutely.